UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REBECCA POPEK,

                Plaintiff,

    v.

PRIME SOURCE,

                Defendant.

CASE NO. 3:22-cv-05283-BHS

ORDER

This matter is before the Court on the Report and Recommendation (R&R) of the Honorable S. Kate Vaughan, Dkt. 27, and Plaintiff Rebecca Popek's objections to the R&R, Dkt. 28.[1]

Popek sued Defendant Prime Source,[2] alleging hostile work environment, retaliation, and disparate treatment claims under the Washington Law Against Discrimination, chapter 49.60 RCW. Dkt. 1-2 ¶¶ 4.1–6.4. The R&R thoroughly details

---

[1] Popek requests oral argument. Dkt. 28 at 1. This request is DENIED.

[2] Prime Source asserts that "Plaintiff named the incorrect company as the defendant in this matter" and that she was actually employed by "PrimeSource Building Products, Inc.," not Prime Source. Dkt. 29 at 1 n.1. Nevertheless, because the case caption reflects that the name of the defendant is "Prime Source," the Court refers to it as such.

ORDER - 1

the factual bases underlying these claims, and they need not be repeated here. *See* Dkt. 27 at 1–8.

The R&R recommends that the Court grant Prime Source's motion for summary judgment, Dkt. 17, and accordingly dismiss all of Popek's claims. Dkt. 27 at 30. Popek objects to this recommendation. Dkt. 28. Prime Source opposes these objections. Dkt. 29. The Court addresses the objections in turn.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

"[I]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly, when a district court adopts a magistrate judge's recommendation, the district court is required to merely "indicate[] that it reviewed the record de novo, found no merit to . . . [the] objections, and summarily adopt[] the magistrate judge's analysis in [the] report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at 437.

Popek first objects that Judge Vaughan failed to view the evidence in the light most favorable to her because Judge Vaughan stated, on three occasions, that her "arguments" were "not persuasive." Dkt. 28 at 3–4. Popek asserts that this language indicates that Judge Vaughan weighed the evidence, made credibility determinations, and made factual findings. *Id.* The Court disagrees. In context, Judge Vaughan's use of the words "not persuasive" demonstrates that she concluded that Popek's legal arguments lacked merit, not that Popek's proffered evidence was not credible. *See* Dkt. 27 at 22, 25, 29. Judge Vaughan correctly applied the summary judgment standard.

Popek also objects to the R&R's conclusion that she fails to present sufficient evidence indicating that she did not have problems with her job performance after she engaged in a protected activity. Dkt. 28 at 4. Popek asserts that she satisfied this burden by presenting evidence that her superior, Ryan Miller, noted on one occasion that he "observed [Popek] successfully performing her daily tasks." Dkt. 28 (emphasis and internal quotation marks omitted). However, as the R&R correctly reasons, "even if Miller had observed Plaintiff successfully performing her daily tasks, it does not follow that her performance was not deficient on other occasions." Dkt. 27 at 23. The R&R details evidence of other occasions on which Popek's job performance was deficient and which remains unrebutted by Popek. *See id.* at 22–26.

In addition to the reasons expressed in Judge Vaughan's thorough R&R, the Court stresses that the temporal proximity between Popek's act of reporting Blankenship's comment and her receiving the final written warning is insufficient, by itself, to raise a

fact issue concerning either pretext or substantial motivating factor under the *McDonnell Douglas* framework. As explained by the Washington State Court of Appeals:

> [L]imiting the rule that temporal proximity between protected activity and termination can create an inference of discrimination to the employee's burden to show a prima facie case makes sense. Showing a prima facie case is merely the first step in the *McDonnell Douglas* framework and often can be a fairly low bar. But in the pretext step, the employee has the burden of establishing a question of fact as to motivation regardless of the employer's evidence that there was a legitimate, nondiscriminatory reason for the termination. *That burden necessarily must involve more than mere temporal proximity*. Otherwise, the legitimate, nondiscriminatory reason step and the pretext step would be meaningless any time there was temporal proximity between protected activity and termination.

*Mackey v. Home Depot USA, Inc.*, 12 Wn. App. 2d 557, 584–85 (2020) (emphasis added).

Popek fails to present evidence sufficient to raise a fact issue as to whether Prime Source's reason for any adverse employment action was pretextual or that retaliation or discrimination was a substantial motivating factor in any such action. For example, Popek argued that other employees outside her protected class were not disciplined for eating at their workstations, but failed to demonstrate that those employees were similarly situated to herself and that their workstations, like her own, were not public. *See* Dkt. 27 at 27–28. Therefore, Judge Vaughan correctly concludes that Popek "fails to show that . . . she was treated less favorably than a similarly situated" employee outside her protected class that was "doing substantially the same work, or that other surrounding circumstances give rise to an inference of discrimination." *Id.* at 29.

Accordingly, the Court, having reviewed the record de novo, finds no merit to Popek's objections and does hereby order as follows:

ORDER - 4

(1) The R&R is **ADOPTED**;

(2) Popek's objections, Dkt. 28, are **OVERRULED**;

(3) Prime Source's motion for summary judgment, Dkt. 17, is **GRANTED**;

(4) Popek's claims are **DISMISSED with prejudice**; and

(5) The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 13th day of September, 2023.

_\[signature\]_

BENJAMIN H. SETTLE
United States District Judge